# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6983 | **DATE** | 11/8/2000 |
| **CASE TITLE** | Jasper Buchanan vs. Top & Republic Cigarette Tobacco Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Enter Memorandum Opinion and Order. Leave to proceed in this ation in forma pauperis is denied. Buchanan is given until November 22, 2000 to pay the $150 filing fee, failing which both the current Complaint and this action will be dismissed forthwith (see Evans, 150 F.3d at 812).

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| MM | Notices mailed by judge's staff. | |
| (X) | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

NOV 1 3 2000
date docketed

docketing deputy initials

ED-7
FILED FOR DOCKETING

00 NOV -9 AM 11: 29

Document Number

4

SN | courtroom deputy's initials

Date/time received in central Clerk's Office

11/8/2000
date mailed notice

SN

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JASPER BUCHANAN #91093, )
)
Plaintiff, )
)
v. )           No.  00 C 6983
)
TOP & REPUBLIC CIGARETTE TOBACCO )
COMPANY, )
)
Defendant. )



MEMORANDUM OPINION AND ORDER

Jasper Buchanan ("Buchanan"), who is in custody at South

Carolina's Lee Correctional Institution, is nothing if not

persistent:  This is the third time that he has brought the same

type of pro se 42 U.S.C. §1983 lawsuit against Top & Republic

Cigarette Tobacco Company ("Top Tobacco"),[1] charging it on each

occasion with having violated his Eighth Amendment rights[2] as a

purported state actor because of inadequate or false labeling of

its tobacco products:

    1.  Buchanan v. Manley, 145 F.3d 386, 387 (D.C. Cir.

---

    [1]  Buchanan has not been entirely consistent in naming the
present target of his several lawsuits.  For example, in the
earlier Northern District of Illinois lawsuit referred to later
in the text, he named the same defendant as "Republic & Top
Cigarette Company."  But his allegations (as well as the strong
similarity of the different names) leave no doubt as to his
having sued Top Tobacco in each of his three lawsuits.

    [2]  As always, this opinion adheres to the conventional and
convenient (though technically imprecise) practice of referring
to the underlying Bill of Rights provision (which of course
imposes limitations only on the federal government) rather than
to the Fourteenth Amendment (which applies to state actors and
has been construed to embody such Bill of Rights guaranties).

1998) affirmed the dismissal of Buchanan's complaint that advanced essentially the same charge against Top Tobacco and another tobacco company (as well as naming two other defendants there).

2. On October 7, 1998 this Court's colleague Honorable James Zagel dismissed Buchanan's like complaint against Top Tobacco in Case No. 98 C 3962. That dismissal was affirmed by our Court of Appeals in its December 14, 1999 unpublished order, a photocopy of which is attached to this opinion.

3. As stated earlier, the present new action advances essentially the same claim.

But whatever may be thought as to the validity of Milton Friedman's famous aphorism that "There is no such thing as a free lunch," it is clear that for Buchanan "There is no such thing as a free lawsuit."

This Court need not now address the obvious inquiry triggered by the just-recited case history into what would appear to be the high probability that issue preclusion or claim preclusion or both would operate to bar the present action. That is so because of 28 U.S.C. §1915(g), which forecloses Buchanan's opportunity to proceed in forma pauperis in this action, as he now seeks to do:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

For purposes of that "three strikes" rule, it does not matter whether the earlier strikes were accumulated before or after the statutory enactment (Evans v. Illinois Dep't of Corrections, 150 F.3d 810, 811 (7th Cir. 1998), citing Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996)). And in this instance Buchanan has accumulated four strikes from his earlier lawsuits, one each from the dismissal of his actions by the District Courts for the District of Columbia and the Northern District of Illinois and one each for the appellate affirmances of those dismissals.

That being the case, leave to proceed in this action in forma pauperis is denied. Buchanan is given until November 22, 2000 to pay the $150 filing fee, failing which both the current Complaint and this action will be dismissed forthwith (see Evans, 150 F.3d at 812).[3]

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 8, 2000

---

[3] Because Buchanan is a nonlawyer, it is only fair to warn him that if he does choose to pay the filing fee this Court would expect to address the preclusion issues on the merits, which at least on the surface seem to doom this lawsuit anyway. This note should not however be misunderstood as an actual ruling on the matter, as to which this Court remains open to the results of a fully reasoned review.

3

**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 13, 1999*
Decided December 14, 1999

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

**FILED**

JAN 06 1999

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

No. 98-3661

JASPER BUCHANAN,
*Plaintiff-Appellant,*

v.

JOHN DOE, OF THE REPUBLIC & TOP
CIGARETTE COMPANY,
*Defendant-Appellee.*

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division

No. 98 C 3962

James B. Zagel,
Judge.

## ORDER

South Carolina inmate Jasper Buchanan brought this suit pro se under 42 U.S.C. § 1983 claiming that the named defendant, Top Tobacco Company ("Top Tobacco"), violated his Eighth Amendment rights by not placing health warnings on its loose tobacco products used for rolling cigarettes. Reviewing Buchanan's complaint under 28 U.S.C. § 1915(e), the district court concluded that Buchanan failed to state a federal claim. We affirm.

This does not appear to be the first time that Buchanan has filed a lawsuit asserting the same or similar allegations. *See, e.g., Buchanan v. Manley*, 145 F.3d 386, 387 (D.C. Cir. 1998)

---

\* Because there are no appellees to be served in this appeal, this appeal has been submitted without the filing of a brief by the appellee. After an examination of the brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R. App. P. 34(a)(2).

(affirming dismissal of complaint alleging in part that the heads of two tobacco companies, including Top Tobacco, distributed loose tobacco products without warning of risks of smoking); *Buchanan v. Manley*, No. 97-5363, 1999 WL 730648 (D.C. Cir. Aug. 31, 1999) (unpublished) (affirming dismissal of complaint alleging a violation of the Federal Cigarette Labeling and Advertising Act). For a third time, Buchanan appeals the dismissal of his complaint alleging some constitutional violation associated with smoking. We conclude, after conducting our own independent review, that the district court properly dismissed Buchanan's complaint for failure to state a federal claim.

To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. *See Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir.), *cert. denied*, 119 S. Ct. 337 (1998). But Top Tobacco, a private company, is not a state actor, and Buchanan has not alleged that Top Tobacco was acting under color of state law. Accordingly, Top Tobacco cannot be sued under § 1983. Moreover, Buchanan alleges only that he suffered discomfort and feared for his health after he learned that Top Tobacco had not placed warning labels on its products. But absent any allegation of physical injury, Buchanan's claim seeking monetary relief is barred by 42 U.S.C. § 1997e(e). *See, e.g., Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997). Lastly, Buchanan's complaint fails to state a claim under the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331-1341, because that act does not provide for a private right of action, *see id.* §§ 1338-1339 (enforcement carried out through criminal proceedings or injunctive proceedings initiated by the Attorney General); *Action for Children's Television v. FCC*, 999 F.2d 19, 21 (1st Cir. 1993) ("It is undisputed that the Department of Justice . . . is exclusively charged with enforcing the provisions of the Cigarette Act."); and does not apply to the loose tobacco products at issue here, *see* 15 U.S.C. §§ 1332(1), 1333(a); *Toole v. Brown & Williamson Tobacco Corp.*, 980 F. Supp. 419, 423 (N.D. Ala. 1997) (loose tobacco products are not cigarettes as defined by the statute).

Accordingly, the district court properly found that Buchanan failed to state a claim upon which relief could be granted. The court's dismissal of Buchanan's complaint, and Buchanan's appeal from that dismissal, count as two strikes under 28 U.S.C. § 1915(g). *See Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997). The judgment of the district court is AFFIRMED.